## THE TRIPLE TIE BENEFIT ASSOCIATION V. GEORGE W. WHEATLEY.

### No. 15,114.    (91 Pac. 59.)

#### SYLLABUS BY THE COURT.

EVIDENCE—*Privileged Communications—Admissions.*    The by-laws of a fraternal beneficiary association required satisfactory proof of death before payment of a beneficiary certificate.    It furnished blanks upon which such proof should be made.    The following printed note preceded the blank to be filled by the attending physician:

"Note to attending physician: The purpose of the following statement is twofold.    First, to establish proof of death and the cause.    Second, to give such information concerning the personal and family history of deceased, together with predisposing causes leading to last illness, as well as the various matters of importance necessary in tabulating vital statistics.    Attending physicians are urged to give under general remarks any information which, in their judgment, tended to shorten the natural duration of life.    You are assured that this statement will be used only for the purpose of gathering correct and accurate information, and will in no case be used as a basis for litigation."

A beneficiary submitted proof of death upon one of these blanks, in which the attending physician made statements beyond those necessary to establish death and which gave information obtained in a professional way concerning the state of the deceased's health several months prior to his death. *Held*, that such statements cannot be regarded as admissions of the beneficiary made in connection with his proof of death.

Error from Neosho district court; LEANDER STILLWELL, judge.    Opinion filed July 5, 1907.    Affirmed.

*Coleman & Williams,* and *Dawes & Rutherford,* for plaintiff in error.

*Brown & Grigsby,* and *E. L. Burton,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: The defendant is a fraternal beneficiary association. It issued a certificate to Alpheus Wheatley, one of its members, entitling him to participate in the beneficiary fund of the association in a stated amount, which at his death should be paid to George W. Wheatley. Subsequently the membership of Alpheus Wheatley was suspended for non-payment of dues, and he was reinstated upon an application supported by a certificate in which he made certain declarations regarding the state of his health. Afterward he died. The association furnished a blank form satisfactory to itself upon which proof of death should be made, which included a certificate under seal by the president and secretary of the local lodge, a statement by the attending physician, and an undertaker's certificate.

A form duly filled out reached the association. There is some dispute in the evidence whether the beneficiary, George W. Wheatley, procured the document to be prepared and forwarded, but this question may be passed by, and it may be assumed that he furnished the proof of death. In an action based upon the beneficiary certificate, brought by the beneficiary against the defendant, the answer charged that the health certificate upon which the member was reinstated was false, in that at the time it was made he was under medical treatment for the disease from which he died.

The physician's statement forming part of the proof of death contained facts not essential to proof of death which became known to him in a professional way only and which supported the allegations of the answer. The defendant offered it in evidence, but it was excluded, and, judgment having gone for the plaintiff, the defendant assigns error.

The defendant argues that notwithstanding the manner in which the physician's information was acquired his statement should have been received in evidence as an admission of the plaintiff made in connection with

his proof of death. Upon this question the authorities are divided, but it may be left wholly at one side.

The blank furnished by the defendant and actually used by the attending physician contained the following matter, immediately preceding the statement itself:

"MEDICAL PROOF AND CAUSE OF DEATH.

"Note to attending physician: The purpose of the following statement is twofold. First, to establish proof of death and the cause. Second, to give such information concerning the personal and family history of deceased, together with predisposing causes leading to last illness, as well as the various matters of importance necessary in tabulating vital statistics. Attending physicians are urged to give under general remarks any information which, in their judgment, tended to shorten the natural duration of life. You are assured that this statement will be used only for the purpose of gathering correct and accurate information, and will in no case be used as a basis for litigation.

"STATEMENT OF THE ATTENDING PHYSICIAN."

The by-laws of the association simply required satisfactory proof of death. The printed note recognizes the fact that the plaintiff was under no obligation to do more than to show that the certificate which he held had matured by the death of the member, and that the attending physician, as the witness or agent of the plaintiff, was not required to break the seal of professional confidence and disclose his professional knowledge of his patient's physical condition months before the latter's death. By sending out the blank, by making the express appeal which the blank contains, and by warranting the use to be made of the information imparted if response should be made to the appeal, it is clear that the matter became one entirely between the association and the physician. The defendant directly intervened and procured the physician's statement in its own way for its own purposes, and the facts related were not supplied by the bene-

ficiary in connection with any effort or purpose of his own.

It may be assumed that the physician would not have violated the confidence of the deceased except under the assurance of the defendant that any revelations made would be used for none but scientific purposes. The plaintiff had no occasion to intercept the communication of the physician to the defendant so long as it was made under a promise that it would not be used to his prejudice. The guaranty of the printed note ran to the plaintiff as much as to the physician, since the document must pass through the plaintiff's hands, and even the bluntest conception of good faith would prevent the defendant from asserting that the plaintiff voluntarily propounded the disclosures to it as admissions of his own.

It is not entirely clear from the record how far the district court acted upon these considerations. In ruling out the evidence the trial judge said:

"I am of the opinion that in view of all the circumstances surrounding this piece of evidence it is my duty to sustain the objection. The article of the constitution and by-laws of the defendant that provides about this matter of the proof of death simply calls for satisfactory proof of the member's death, and that is all, in cases where it is a death claim. Now, this proof is made by Mr. Baird, a medical gentleman who was on the stand this morning and who testified far enough to show the manner in which he acquired his knowledge with reference to the alleged cause of the death. . . . As I stated, this was made by a medical gentleman who, so far as the case now stands, acquired his knowledge professionally; and, without enlarging the matter further, I think it is my duty to sustain the objection."

Since, however, the ruling was correct, it is immaterial if an insufficient reason were given for it.

The judgment of the district court is affirmed.